IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TINA L. RUSCIO, )
)
    Plaintiff, )
)
vs. ) Civil Action No. 09-65-J
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

ORDER

AND NOW, this 14th day of September, 2010, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court

1

may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff challenges the determination of the Administrative Law Judge ("ALJ") that she is not disabled by arguing, inter alia, that he did not give sufficient weight to the opinions of John A. Jubala, Ph.D., her treating psychologist, in determining whether she met Listings 12.04, 12.05, and 12.06, and in determining her residual functional capacity ("RFC"). The Court disagrees and finds that substantial evidence supports the ALJ's findings.

As Plaintiff correctly asserts, when assessing a claimant's application for benefits, the opinion of the claimant's treating physician is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citing 20 C.F.R. § 404.1527). In fact, the regulations provide that a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the Social Security Commissioner may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the Commissioner's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429.

The opinions of treating physicians are given greater deference because these doctors are "employed to cure and ha[ve] a greater opportunity to know and observe the patient as an individual." Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). This is especially true "when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Plummer, 186 F.3d at 429 (citing Rocco v. Heckler, 826 F.2d 1348, 1350 (3d Cir. 1987)). In fact, the applicable regulations acknowledge the special ability of a treating physician when assessing a claimant's condition and provide as follows:

> [treating physicians] are likely to be the medical professionals most able to
> provide a detailed, longitudinal picture of [the claimant's] medical
> impairment(s) and may bring a unique perspective to the medical evidence
> that cannot be obtained from the objective medical findings alone or from
> reports of individual examinations, such as consultative examinations or brief
> hospitalizations.

20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2).

In short, an ALJ may not reject a treating physician's opinion based on his or her own credibility judgments, speculation or lay opinion. See Plummer, 186 F. 3d at 429. Rather, the ALJ must provide specific and legitimate reasons for doing so. Fargnoli, 247 F.3d at 43.

Here, however, as the ALJ explained at length, some of Dr. Jubala's opinions were

2

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 10) is DENIED and defendant's Motion for Summary Judgment (document No. 12) is GRANTED.

                                            s/Alan N. Bloch
                                            United States District Judge

ecf:   Counsel of record

---

contrary to other medical evidence in the record. The ALJ discussed the contrary evidence, particularly the findings of Daniel Palmer, Ph.D., who examined Plaintiff on multiple occasions, and those of state agency mental health consultant Sanford Golin, Ph.D., who reviewed the record as a whole. Contrary to Plaintiff's argument, certain of Dr. Palmer's opinions were, indeed, inconsistent with those of Dr. Jubala, including Dr. Palmer's finding that Plaintiff does not suffer from a learning disability, and his findings regarding Plaintiff's grooming and hygiene, the severity of her depression, her ability to concentrate, and her employability. Some of Dr. Golin's opinions similarly conflict with those of Dr. Jubala. Moreover, the ALJ explained that, while Dr. Palmer's opinions were "well-substantiated" and based on thorough clinical findings, Dr. Jubala's opinions were listed in summary fashion and lacked analysis. Indeed, it is noteworthy that there are no treatment notes from Dr. Jubala in support of his opinions in the record. Substantial evidence supported the weight the ALJ assigned to these opinions.

    It is important to further note that the ALJ did not reject the opinion of Dr. Jubala outright. The limitations included in the RFC determination are largely consistent with Dr. Jubala's findings regarding Plaintiff's inability to understand and carry out detailed instructions, to have extensive interaction with co-workers, supervisors, or the public, to respond to workplace changes, and to engage in "anything that requires intellectual ability," such as prolonged reading for content and comprehension or mathematical equations.

    Accordingly, substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

3